IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER LEE HINDLE** and | : | **CIVIL ACTION** |
| **MARY LOU HINDLE,** | : | |
| Plaintiffs, | : | |
| | : | No. 13-6297 |
| v. | : | |
| | : | |
| **CONSOLIDATED RAIL CORPORATION,** | : | |
| *et al.*, | : | |
| Defendants. | : | |

### MEMORANDUM ORDER

This 17th day of September, 2015, upon consideration of the Motion for Summary Judgment filed by Defendants American Premier Underwriters, Inc. and Consolidated Rail Corporation, it is hereby **ORDERED** that the motion is **DENIED** as to Plaintiff Roger Lee Hindle and **GRANTED** as to Plaintiff Mary Lou Hindle for the reasons that follow.

**I. Background**

Mr. Hindle alleges that he was employed by Railroad Defendants between 1948 and 1990 and was exposed to asbestos as a result of the work he performed during that time. Compl. at 2. Mr. Hindle previously filed a claim against the Railroad Defendants in 1994 related to "hearing loss." Def.'s Br. Supp. Summ. J. Ex. B, at 2. The parties executed an agreement to settle the claim in 1995 for the sum of $21,000. Def.'s Br. Supp. Summ. J. Ex. C. As part of that settlement, Mr. Hindle signed a "Release Agreement" discharging the Railroad Defendants "from any and all losses" which Mr. Hindle "claims to be entitled by reason of any injuries, known or unknown, foreseen or unforeseen (including but not limited to…cancer(s) of any type, origin or nature…) which now exist or which may arise in the future as a result of or in any way

connected with [Mr. Hindle's] alleged exposure to any condition…including but not limited to…asbestos." Def.'s Mem. Supp. Summ. J. Ex. C, at 1.

Mr. Hindle now brings this suit under the Federal Employers' Liability Act, alleging that his exposure to asbestos while employed by Railroad Defendants has caused him to acquire lung cancer. Compl. at 2–4. The Railroad Defendants argue that the 1995 release bars the current claim, thereby entitling them to Summary Judgment. Def.'s Mot. Summ. J., at 2. Plaintiffs contend that the release is invalid because it violates the Federal Employers' Liability Act. Pl.'s Mem. Supp. Answer. Mot. Summ. J.

## II.  Summary Judgment Standard

A moving party is only entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. " Fed. R. Civ. P. 56. While considering a motion for summary judgment, a court should not "resolve factual disputes or make credibility determinations, and must view facts and inferences in the light most favorable to the party opposing the motion." *Siegel Transfer, Inc. v. Carrier Exp., Inc.*, 54 F.3d 1125, 1127 (3d Cir. 1995).

## III. Validity of the Release under the FELA

The Federal Employers' Liability Act § 5 provides that any contract which enables a common carrier to exempt itself from liability under the statute "shall to that extent be void." 45 U.S.C. § 55. This provision does not preclude common carriers and their employees from mutually entering into an agreement to settle a particular claim. *Callen v. Pennsylvania R. Co.*, 332 U.S. 625 (1948). The Supreme Court stated that since settlement "is not a device to exempt

from liability but is a means of compromising a claimed liability," parties may settle existing controversies without violating FELA § 5.  *Id.* at 631.

When, however, an employee is required in the course of settlement to sign a release waiving rights to litigate future related claims, the validity of such a release is less clear.  A release of future claims may be valid under FELA, provided that (1) it was executed for valid consideration as part of a settlement, and (2) the scope is limited to risks known to the parties at the time they sign.  *Wicker v. Consol. Rail Corp.*, 142 F.3d 690, 700–01 (3d Cir. 1998).

Defendants argue that "[p]ursuant to the parol evidence rule, the release itself is the only permissible evidence of its scope and operation."  Def.'s Br. Supp. Summ. J., at 2.  However, the Third Circuit specifically stated in *Wicker* that "[t]he evaluation of the parties' intent at the time the agreement was made is an essential element of this inquiry," and  "[w]here…a release merely details a laundry list of diseases or hazards, the employee may attack that release as boiler plate, not reflecting his or her intent."  *Wicker,* 142 F.3d at 700–01.  Thus, while the words of the written release are relevant, the validity of the release does not turn on the writing alone.  *Id*  at 701.  *Wicker* found that a release "merely recit[ing] a series of generic hazards to which [the employees] may have been exposed, rather than specific risks the employees faced during the course of their employment" did "not demonstrate the parties understood, let alone addressed or discussed, the scope of the claims being waived."  *Id.* at 701.  The Court acknowledged that "this is a different (and more difficult) standard for railroad employers than is typical in non-FELA situations," but it the Court found it appropriate "given the Supreme Court's pro-employee construction of the FELA."  *Id.*

Although the release in question here mentions cancer as one of the risks from exposure to asbestos, it also purports to release the Railroad Defendants from liability for "any injuries,

3

known or unknown, foreseen or unforeseen" as a result of exposure to "any condition, material, substance, product and/or good(s) of any kind or nature." Def.'s Br. Supp. Summ. J. Ex. C.  This seems to be the kind of "boiler plate" language reciting "a series of generic hazards" about which the *Wicker* court was suspicious. The parties signed the release in connection with a settlement of Mr. Hindle's claim for a modest amount of money.  Since Plaintiffs dispute Mr. Hindle's understanding of the scope of the claims waived in the Release Agreement, and I must view the facts in the light most favorable to the non-moving party, I find that there is a genuine dispute as to a material fact.  Summary judgment is therefore inappropriate.

**IV. Mrs. Hindle's Loss of Consortium Claim**

Plaintiffs also bring a claim for Mrs. Mary Lou Hindle's loss of consortium.  Compl.  The overwhelming weight of authority is that there is no recovery for a derivative loss of consortium claim in an FELA action.  *Quitmeyer v. Se. Pa. Transp. Auth.*, 740 F. Supp. 363, 370 (1990) (citing *Kelsaw v. Union Pac. R.R. Co*., 686 F.2d 819, 820 (9th Cir. 1982), *cert. denied*, 459 U.S. 1207 (1983); *Perry v. Metro-North Commuter R.R.*, 716 F. Supp. 61, 64 (D. Conn. 1989); *Greethurst v. Bethlehem Steel Corp.*, 380 F. Supp. 638, 639 (N.D. Ind. 1974); *Rodzik v. N.Y. Cent. R.R. Co.*, 169 F. Supp. 803, 806 (E.D. Mich. 1959)).  Because  Plaintiffs do not dispute this, and Defendants are entitled to judgment as a matter of law on this issue, I  grant summary judgment as to Mrs. Hindle's claim.

      /s/ Gerald Austin McHugh
United States District Court Judge